**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS TINOCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO GAS & ELECTRIC CO., et al., <br><br> Defendants. | Case No. 17-cv-2433-BAS-JLB <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br> **[ECF No. 7]** |

Plaintiffs Carlos Tinoco and Maria Tinoco filed a Complaint against Defendant San Diego Gas & Electric Co. ("SDG&E") alleging negligence. ("Compl.," ECF No. 1.) Defendant filed a Motion to Dismiss the Complaint. ("Mot.," ECF No. 7.) Plaintiffs opposed the Motion, ("Opp'n," ECF No. 9), and Defendant filed a reply in support of the Motion, ("Reply," ECF No. 10). The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **DENIES** Defendant's Motion to Dismiss.

///

## I. BACKGROUND

At all relevant times, Mr. Tinoco was a member of the United States Marine Corps. (Compl. ¶ 3.) Defendant SDG&E performed activity in connection with designing, installing, maintaining, repairing, marking, and operating the gas system on the premises of Camp Pendleton. (*Id.* ¶ 10.) There are design and specification requirements for natural gas systems at Camp Pendleton. (*Id.* ¶ 11; *see also* ECF No. 1-2 ("Camp Pendleton Requirements").)[1] These requirements specify: all pipe must be buried at least thirty-six inches below grade; buried pipe must contain warning tape installed twelve inches below grade; all above ground pipe must have proper labeling; and new gas lines in vegetated areas must have markers indicating their presence. (Camp Pendleton Requirements 116.) These requirements were prepared by the Public Works Division, Architecture and Engineering ("A&E") Branch. (*Id.* at 1.)

On or about September 12, 2017, an Assault Amphibious Vehicle struck a gas line at Camp Pendleton. (Compl. ¶ 14.) This resulted in an explosion and fire, injuring fifteen Marines including Mr. Tinoco who was riding in the vehicle. (*Id.*) Plaintiffs allege this occurred because the gas line was not in compliance with the Camp Pendleton Requirements, and had the line been in compliance, the vehicle would have avoided and not come into contact with the line. (*Id.*) Plaintiffs allege the gas line was not thirty-six inches below grade and was not properly marked and labeled as a result of SDG&E's negligence. (*Id.* ¶ 19.) Plaintiffs Carlos and Maria Tinoco are married. (*Id.* ¶ 4.) Mr. Tinoco requests various forms of damages, and

---

[1] Courts usually may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Because Plaintiffs attached the Camp Pendleton Requirements to the Complaint and incorporated the document therein, the Court considers the document in adjudicating the instant Motion to Dismiss, *see Ritchie*, 342 F.3d at 908.

Mrs. Tinoco requests the value of loss of consortium. (*Id.* at Prayer.)

SDG&E moves to dismiss the Complaint for failure to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7) and failure to state a claim under Rule 12(b)(6).

## II. LEGAL STANDARD

### A. Rule 12(b)(7)

A party may move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). A three-step analysis is used to determine if a party is required to be joined under Rule 19. *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). First, a court must determine whether a nonparty is necessary under Rule 19(a). *Id.* This is two-pronged inquiry. *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014) (citing *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991)). The court must initially determine "whether complete relief can be afforded if the action is limited to the existing parties." *Id.* (citations omitted). The court must next determine "whether the absent party has a legally protected interest in the subject of the action and, if so, whether the party's absence will impair or impede the party's ability to protect that interest or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest." *Id.* (citation and internal quotation marks omitted). "If the answer to either of those questions is affirmative, then the party is necessary and 'must be joined.'" *Id.* (citing Fed. R. Civ. P. 19(a)(1)). The Rule 19(a) inquiry "is a practical one and fact specific." *Id.* (citing *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).

Second, a court must determine if it is feasible for the absentee party to be joined such that subject matter and personal jurisdiction exist and venue is proper. *Peabody*, 400 F.3d at 779 (citing Fed. R. Civ. P. 19(a)). Finally, if it is not feasible to join the absent party, a court must decide "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action

must be dismissed." *Id.*; Fed. R. Civ. P. 19(b). An indispensable party is one which "not only [has] an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Id.* at 780 (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1855)); *see also* Fed. R. Civ. P. 19(b).

The factors to be considered by a court in its Rule 19(b) analysis include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action was dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

### B.  Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement

to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. ANALYSIS

#### A. <u>Analysis Under 12(b)(7)</u>

SDG&E argues the United States is a necessary and indispensable party, but cannot be joined due to sovereign immunity, and therefore this case should be dismissed. SDG&E requests the Court take judicial notice of various facts that it alleges support its position.

##### 1. **Defendant's Request for Judicial Notice**

In analyzing a motion to dismiss under Rule 12(b)(7), the court must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party. *Paiute-Shoshone Indians of Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 996 n.1 (9th Cir. 2011). However, the court is not limited to the pleadings. *See* 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1359 (3d ed. 2018). "A court may consider extraneous evidence when deciding a Rule 12(b)(7) motion without converting it into a motion for summary judgment." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1197 (C.D. Cal. 2011) (citing *Ray v. Int'l Bank, Inc.*, No. 04-CV-2221-MSK-BNB, 2005 WL 2305017, at *4 (D. Colo. Sept. 21,

2005)).

Defendant requests the Court judicially notice various facts that it alleges show the United States owns the pipe in question. ("RJN," ECF No. 7-2.) Plaintiffs' objection to the request for judicial notice is two-fold: first, the information is irrelevant, and second, it is improper for the Court to notice the information. As to their first point, Plaintiffs allege that the requested facts do not negate Plaintiffs' allegation that the gas pipe was "designed, installed, maintained, repaired, marked or operated by SDG&E." (ECF No. 9-3 at 3.) Were the present Motion brought only under Rule 12(b)(6), the Court would agree with Plaintiffs' relevance argument. Defendant's referenced facts do not contradict Plaintiffs' allegation that SDG&E was in some way responsible for maintaining the pipe and breached its responsibility to do so. But the issue here is whether the United States is an indispensable party. It is therefore relevant whether the United States owns the pipe.

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). "While matters of public record are proper subjects of judicial notice, a court may take notice only of the authenticity and existence of a particular [record], not the veracity or validity of its contents." *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878 (N.D. Cal. 2013) (citing *Lee v. City of Los Angeles*, 250 F.3d. 668 (9th Cir. 2001)).

Plaintiffs have filed objections to Defendant's RJN, but they do not dispute the accuracy of the sources of the facts. (*See* Opp'n 9 (Plaintiffs admit the facts in the RJN are "potentially competent evidence").) The first four facts in Defendant's RJN come from the United States Marine Corps official website for Camp Pendleton. (RJN 2–4.) The Court finds the accuracy of this source cannot reasonably be questioned. *See Woods v. Greenpoint Mortg. Funding, Inc.*, No. CIV 2:09-1810

WBS KJM, 2010 WL 3033931, at *2 (E.D. Cal. July 28, 2010) (noting courts "frequently take judicial notice of documents on government websites pursuant to Federal Rule of Evidence 201(b)"). The Court grants Defendant's request to judicially notice these facts.

Further, it is generally accepted that Camp Pendleton is a federal enclave. *See Jamil v. Workforce Resources, LLC*, No. 18-cv-27-JLS (NLS), 2018 WL 2298119, at *2 (S.D. Cal. May 21, 2018) (citing *e.g.*, *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1147 (S.D. Cal. 2007)) (finding same). It is also generally known that Camp Pendleton is a United States Marine Corps Base under the jurisdiction of the federal government. *See Stiefel*, 497 F. Supp. 2d at 1145 (finding same). Thus, the Court grants Defendant's request to judicially notice RJN No. 6. The Court declines to judicially notice RJN No. 7, which is simply a quote from a Ninth Circuit case and need not be noticed. Finally, the Court grants Defendant's request to judicially notice RJN No. 8, as it is not subject to dispute that San Diego is home to several military bases.

Separate and apart from its RJN, Defendant attached three news reports as exhibits to the declaration of its attorney. Defendant does not request the Court judicially notice these exhibits but "requests that they be considered." (ECF No. 7-3.) The Court declines to do so. Defendant has provided no information as to how these news reports and their sources are sufficiently accurate. Counsel declares he provides "true and correct" copies of the news reports, but this does not mean the information contained in the reports is accurate. The Court does not consider the news reports.[2]

---

[2] Similarly, the Court does not consider the declaration of Plaintiffs' counsel attached to Plaintiffs' opposition. (*See* ECF No. 9-2.) "Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss . . . if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Sup. 3d 1011, 1021 (C.D. Cal. 2015). The contents of the declaration are not referenced in the Complaint and Plaintiffs do not request the Court judicially notice any facts in the declaration.

### 2. Whether the United States is a Necessary Party

The Court turns to the issue of whether the United States should be joined as a "necessary party" under Rule 19(a). The first question is whether the Court can accord complete relief among the existing parties in the United States' absence. Fed. R. Civ. P. 19(a)(1). The "complete relief" element is "concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). "This portion of the rule is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Eldredge v. Carpenters 46 N. Cal. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) (internal quotation omitted). Courts ask whether the nonparty's absence "would preclude the district court from fashioning meaningful relief as between the parties." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004).

Here, Plaintiffs seek only monetary damages from SDG&E. Should Plaintiffs prevail, they could recover damages from SDG&E in the United States' absence. The requested relief does not require the United States to take action or change any policy. *Cf. Paiute-Shoshone Indians of Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 998 (9th Cir. 2011) (holding the United States is a necessary party because the plaintiff requested an order that would require the United States to cede title to the plaintiff and the United States must be a party "before a court could bind the United States by such an order"). SDG&E argues complete relief cannot be accorded because after judgment, SDG&E could seek contribution and indemnity against other tortfeasors, and SDG&E cannot obtain relief without the United States. (Mot. 14.) But, "[a]n absent party need not be joined simply because it may be required to provide indemnity for the loss. The focus is on complete relief *between those already parties*." Schwarzer, et al., *Rutter Group Prac. Guide Fed. Civ. Pro.*

*Before Trial* § 7:73 (9th ed. 2018); *see also SASCO v. Byers*, No. C 08-5641 JF (RS), 2009 WL 1010513, at *2 (N.D. Cal. Apr. 14, 2009) ("[A] defendant's possible right of reimbursement, indemnity, or contribution against an absent party is not sufficient to make the absent party indispensable to the litigation."). Therefore, the Court is able to fashion meaningful relief between Plaintiffs and SDG&E in the United States' absence. The Court finds the United States is not a necessary party under Rule 19(a)(1)(A).

The second alternative question under Rule 19(a) is whether the United States "claims an interest relating to the subject of the action and is so situated that disposing of the action in [its] absence may" either "impair or impede" the United States' ability to protect its interest, or expose Plaintiffs or SDG&E to a substantial risk of multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B). This element "is predicated only on that party having a *claim* to an interest." *Shermeon v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1982). In other words, "[j]oinder is 'contingent . . . upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action.'" *Altmann v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) (quoting *Northrop Corp.*, 705 F.2d at 1043). "Where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder was 'unnecessary.'" *Id.* at 971 (quoting *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)).

Here, the United States is no doubt aware of this action given the accident occurred at Camp Pendleton, and SDG&E admits the United States is investigating the incident. (Mot. 9.) Yet the United States has never asserted a formal interest in this action. The Court recognizes the double-edged sword in this position. The United States believes it is immune from this suit, thus, it would be counterintuitive for it to insert itself in this action while at the same time claiming immunity. Still,

the Court is bound by precedent on this issue.³ *See Northrop Corp.*, 705 F.2d at 1043–44 (finding the government was not a necessary party where it "never asserted a formal interest in either the subject matter of this action or the action itself" and "meticulously observed a neutral and disinterested posture"); *Bowen*, 172 F.3d at 689 (finding joinder unnecessary where absent party was aware of litigation but chose not to claim an interest because "it is inappropriate for one defendant to attempt to champion the absent party's interests"); *Acer, Inc. v. Tech. Props. Ltd.*, No. 5:08-cv-877-JF (HRL), 2011 WL 1327333 at *2 (N.D. Cal. Apr. 11, 2011) (refusing to join a party who declined to intervene despite having an interest in the subject matter and knowledge of the litigation); *Blumberg v. Gates*, 204 F.R.D. 453, 455 (C.D. Cal. Nov. 6, 2001) ("The Court believes that it should, consistent with Rule 19, respect the decision of the absent parties [aware of litigation], who have never claimed an interest in the present litigation, to remain on the sidelines.").

In response to these cases, Defendant cites *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1082 (9th Cir. 2010). There, the Ninth Circuit held "[a] public entity has an interest in a lawsuit that could result in the invalidation or modification of one of its ordinances, rules, regulations, or practices." It did not appear the person to be joined (the Secretary of the Interior) had claimed an interest in the lawsuit, but the Ninth Circuit held he was to be joined because the action "would require him to modify the terms of leases he approves for [certain] entities." *Id.* Here, however, there is no evidence that any rule or ordinance of the United States would need to be invalidated or modified if Plaintiffs succeed. Plaintiffs are alleging SDG&E did not follow Camp Pendleton's regulation regarding the placement and marking of a gas

---

³ Other courts have also questioned the reasoning of this precedent, noting "the Ninth Circuit's requirement that an absent party affirmatively claim an interest in the subject of the action is often in conflict with the underlying purposes of Rule 19." *Zacharias v. U.S. Bank, N.A.*, No. 14-2186 SC, 2014 WL 4100705, at *8 n.6 (N.D. Cal. Aug. 20, 2014). But, like this Court, the *Zacharias* court recognized that it is the law of the Ninth Circuit and therefore determined because the absent party "has not claimed an interest in the action he is not a required party" and need not be joined. *Id.*

line. Should this Court find for Plaintiffs, this would require no action on the part of the United States. Thus, the Court finds *Peabody* inapplicable. The Court finds the United States is not a necessary party under Rule 19(a)(1)(B).

In sum, the Court finds Defendant has not met its burden in showing the United States is a necessary party. *See Shermoen*, 982 F.2d at 1317 (holding the burden of persuasion is on the moving party arguing for dismissal). Because the Court finds joinder of the United States is not necessary under Rule 19, the Court **DENIES** Defendant's Motion to Dismiss pursuant to Rule 12(b)(7).

### B. Analysis Under 12(b)(6)

Plaintiffs' only cause of action is negligence. Under California law, the elements of a negligence cause of action are: (1) the existence of a duty to exercise due care; (2) breach of that duty; (3) causation; and (4) damages. *See Merrill v. Navegar, Inc.*, 28 P.3d 116, 123 (Cal. 2001).[4] Defendant moves to dismiss the Complaint, arguing Plaintiffs' allegations regarding SDG&E's duty of care are too broad and only conclusory. (Mot. 18–19.)

Plaintiffs have alleged SDG&E "had a duty to exercise reasonable care in the design, installation, maintenance and marking of the" gas line. (Compl. ¶ 18.) It is plausible the United States owns the pipe; it is also plausible that the United States contracted installation and/or maintenance of the pipe to SDG&E. Therefore, Plaintiffs have sufficiently pled SDG&E had a duty to maintain the pipe and ensure it was in compliance with the Camp Pendleton Requirements. Contrary to Defendant's argument, this allegation is not conclusory; Plaintiffs have included the Camp Pendleton Requirements for gas lines and specifically alleged which

---

[4] "Only federal law applies on a federal enclave, but preexisting state law not inconsistent with federal policy becomes federal law and is applicable as well." *Cooper v. S. California Edison Co.*, 170 F. App'x 496, 497 (9th Cir. 2006), *as amended on denial of reh'g and reh'g en banc* (May 10, 2006) (citing *Paul v. United States*, 371 U.S. 245, 263–64 (1963)). Defendant cites California law as well as the Restatement of Torts in analyzing negligence. (Mot. 18, 19 n.9). The Court makes no determination here as to the applicability of state or federal law to this case.

requirements were violated. Plaintiffs have pled that SDG&E has failed to follow these requirements and therefore breached its duty to properly maintain the gas lines, resulting in injury and damages. Thus, Plaintiffs have pled negligence. The Court **DENIES** Defendant's motion to dismiss pursuant to Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss pursuant to Rule 12(b)(7) and Rule 12(b)(6).

**IT IS SO ORDERED.**

**DATED: September 6, 2018**

Hon. Cynthia Bashant
United States District Judge